708

PILGRIM LAUNDRY, Inc.

v.

BENWALL MFG. CO., Inc.

Civ. No. 13972.

United States District Court
E. D. New York.

July 15, 1954.

Edward G. Roe, New York City, for plaintiff.

Charles Wapner, Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This is a motion to strike the answer and grant summary judgment to plaintiff in an action for an injunction and other incidental relief, by reason of defendant's alleged infringement of the plaintiff's service marks, " 'Pilgrim', 'The Pilgrim Laundry' and the representation of a pilgrim." Also because the use by defendant of the "notation 'Pilgrim Laundry' in connection with the sale of laundry nets" as shown by the exhibits attached to the motion papers, pro and con, constitutes unfair competition.

The plaintiff (a New York corporation) is a large, old established laundry, catering to a considerable element of the population of the county of Kings and adjacent counties in this District, and the affidavit of its vice-president states in part:

"Net sales of over Two Million ($2,000,000.) Dollars have been accomplished during the past three years."

Defendant, also a New York corporation, having its office in Brooklyn, manufactures laundry supplics including nylon laundry nets which are used by laundries in the performance of their function. It has adopted the word "Pilgrim" to designate such nylon laundry nets, and advertised for and solicited sales of its product under that name.

The complaint alleges the registration of the plaintiff's service marks "The Pilgrim Laundry" alone, and with a pictorial representation of a pilgrim; its business existence since 1900, its advertising of the service marks, the identification in the public mind of the said marks with the plaintiff company and the service it performs; its ownership and registration of the marks in the U. S. Patent Office. The adoption by the defendant in 1952 of the mark "Pilgrim" for laundry nets, with knowledge of plaintiff's ownership of its said marks. Notification by plaintiff to defendant in August of 1952 to cease its use of the said mark, and defendant's continued and deliberate infringement.

For its second cause the plaintiff realleges the foregoing and that defendant's conduct is calculated to lead the public to believe that

"Defendant's business is Plaintiff's business, or that the goods and services of Defendant are goods and services originating with, or approved by, or have Plaintiff's sanction and approval, and such acts constitute unfair competition."

The Answer consists of denials in part; and denials of knowledge or information, etc.

The affidavit in opposition to the motion comes down to a denial that there is any competition between the parties, since defendant's business is to sell its products to distributors and laundries, and that many proprietors thereof will testify that they are not being deceived as to the origin of the defendant's product.

This is not a sufficient reason for denying to the plaintiff the protection which the law intended to provide for its trade-marks, against the unfair competition of one who would appropriate it.

The action of the Examiner of trademarks in rejecting defendant's application to register the mark Pilgrim (October 7, 1953) is in line with the decisions relied upon by plaintiff. The language was:

"Inasmuch as applicant's (defendant's) laundry net bags may be used in a laundry service and common source or origin attributed to both bearing the same mark registration is refused in view of:
    509,798 The Pilgrim Laundry, May 10, 1949 Inc.
            (The Pilgrim Laundry & Design Class 105)
    509,969 The Pilgrim Laundry, May 17, 1949 Inc.
            (The Pilgrim Laundry, Class 105).
October 7, 1953."

The views above set forth are confirmed by the Commissioner's ruling in Copacabana v. Breslauer, 101 U.S.P.Q. 467, 468. See also American Beverage Corp. v. Yellon, Sup., 72 N.Y.S.2d 614.

The denials in the answer are perfunctory and are not to be deemed to raise any issue save that explained in the opposing affidavit above referred to; that issue is legally insufficient.

The plaintiff's motion will be granted with leave to defendant to serve an amended answer within twenty days from date of the service upon its attorney of the order to be entered hereon, if there are any genuine issues of fact that can be so pleaded.

Settle order.